**ALD-041**                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3032
_____

GARY HOWARD,
                                                    Appellant

v.

ROBERT WERLINGER WARDEN, F.C.I. LORETTO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00072)
District Judge:  Honorable  Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010

Before: SCIRICA, HARDIMAN and VANASKIE, <u>Circuit Judges</u>

(Filed: December 10, 2010 )
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

        Gary Howard appeals the District Court's order denying his habeas petition filed

pursuant to 28 U.S.C. § 2241.  For the reasons below, we will summarily affirm the

District Court's order.

Howard, a federal prisoner, was charged with a disciplinary violation of engaging in a sexual act. According to the officer who wrote the incident report, Howard was observed rubbing his female visitor's groin as well as his own groin during a visit. When confronted, he stated that he did not do anything, and if he had, the officer could not see it because his visitor's scarf was covering the behavior. After a hearing, Howard was found guilty and lost 27 days of good conduct time. After challenging the sanction through the Bureau of Prison's (BOP) administrative process, Howard filed a § 2241 petition challenging the loss of good conduct time. The District Court denied the petition, and Howard filed a timely notice of appeal.

Howard contends that his rights to due process were violated by the disciplinary hearing. Due process entitles prisoners to advance written notice of disciplinary charges and a written statement by the factfinder of the evidence relied upon and the reasons for the action taken. Wolff v. McDonnell, 418 U.S. 539, 563 (1974). Prisoners may call witnesses and present evidence as long as it would not be hazardous to prison safety or correctional goals. Id. at 566. The prison administration is not required to allow a prisoner to cross-examine and confront witnesses in a disciplinary hearing and has the discretion to limit the hearing and the witnesses called to protect institutional security. Id. at 566-67. A decision to revoke good time credits must be supported by some evidence. Superintendent v. Hill, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the

2

relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Howard contends that the BOP denied him due process when the hearing officer refused to view video footage of the incident and instead relied on two officers' review of the footage.

However, the officers' reports of Howard's actions constitute some evidence supporting the hearing officer's finding of guilt. Howard also argues that he should have been allowed to view the video footage of the incident. The BOP does not allow inmates to view surveillance video for security reasons. As noted above, due process does not require that an inmate be allowed to confront the evidence against him. Thus, Howard was not entitled to view the video footage of the incident. Moreover, we note that Howard's staff representative viewed the video and agreed with the charge.

Howard also argues that he did not commit a "sexual act" as defined by 18 U.S.C. § 2246. He asserts that even if he had his hands between the legs of his female visitor, there was never contact between his mouth or penis with her anus or vagina as required under that federal definition of sexual act. However, he was not charged with a committing a sexual act under § 2246. Moreover, even if the federal statute were relevant, the conduct he describes would be considered "sexual contact" under that statute. See 18 U.S.C. § 2246(3) ("Sexual contact" includes the intentional touching of the inner thigh through the clothing with the intent to arouse.)

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.